<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

SAULO HERNANDEZ MEJIA,

*Plaintiff*,

v.

KRISTI NOEM, *et al.*

*Defendants*.

Civil Action No. 26-cv-01686

**ORDER**

February 23, 2026

**THIS MATTER** having come before the Court upon Plaintiff's request for a Temporary Restraining Order ("TRO") seeking to enjoin Defendants from transferring Plaintiff outside the State of New Jersey or removing him from the United States during the pendency of this action (ECF No. 1); and Plaintiff's Complaint asserting claims under the Administrative Procedure Act, 5 U.S.C. §§ 706(1), 705, the Mandamus Act, 28 U.S.C. § 1361, the All Writs Act, 28 U.S.C. § 1651, and Federal Rule of Civil Procedure 65 (ECF No. 1); and Plaintiff alleging that he is currently detained pursuant to a reinstated prior order of removal and is subject to execution of that order (ECF No. 1 ¶¶ 21-22, 51). For the reasons that follow, Plaintiff's request for a Temporary Restraining Order (ECF No. 1) is **DENIED**.

The relief sought would enjoin Defendants from executing a reinstated order of removal and thus operates as a stay of removal. Under 8 U.S.C. § 1252(a)(5), a petition for review filed with the appropriate court of appeals is the "sole and exclusive means for judicial review of an order of removal," including a reinstated order. Section 1252(b)(9) further channels into that process "all questions of law and fact" arising from actions taken to remove a noncitizen. The

Supreme Court has described § 1252(b)(9) as a "zipper clause" intended to consolidate review of such claims in the courts of appeals. *Jennings v. Rodriguez*, 583 U.S. 281, 316–17 (2018). In addition, § 1252(g) deprives district courts of jurisdiction over claims arising from the Government's decision to execute removal orders. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482–83 (1999).

Although Plaintiff frames his claims as arising under the Administrative Procedure Act and the Mandamus Act, the specific injunctive relief requested would restrain execution of an existing removal order. Therefore, this Court lacks jurisdiction to grant the requested temporary restraining order.

Nothing in this Order shall be construed as expressing any view on the merits of Plaintiff's remaining claims seeking adjudication of his Form I-914 Application for T Nonimmigrant Status. Accordingly,

**IT IS** on this 23rd day of February, 2026,

**ORDERED** that Plaintiff's request for a Temporary Restraining Order (ECF No. 1) is **DENIED** for lack of subject-matter jurisdiction; and it is further

**ORDERED** that Defendants shall file and serve a response to the Complaint within thirty (30) days after service is properly effected pursuant to Rule 4(i); and it is further

**ORDERED** that Plaintiff may file and serve a reply within twenty-one (21) days after service of Defendants' response; and it is further

**ORDERED** that the matter shall be decided on the papers without oral argument pursuant to Local Civil Rule 78.1.

**KAREN M. WILLIAMS**
**United States District Judge**